IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RONALD HELMUT WAGNER,

                    Petitioner,                          ORDER

          v.                                             12-cv-487-wmc

MICHAEL DITTMAN, Warden,
Red Granite Correctional Institution,

                    Respondent.

State inmate Ronald Helmut Wagner is presently incarcerated at the Red Granite

Correctional Institution, from which he filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254, challenging a 2005 state court conviction.  Respondent

moves to dismiss, arguing that the petition is barred by the governing one-year statute of

limitations.  (Dkt. # 21).  Both parties have provided briefing.  For reasons set forth

below, the court will grant respondent's motion and dismiss the petition.


                                        FACTS

     Wagner was charged in St. Croix County Case No. 04CF380 with second-degree

sexual assault, stemming from an incident at the St. Croix County Jail when Wagner was

a detainee.  The victim was another inmate, who testified that Wagner fondled his penis

and then penetrated him anally while the two were alone in a jail bathroom.  A jury

found Wagner guilty as charged on January 20, 2005.  On May 10, 2005, the circuit

court sentenced Wagner to serve 12 years of initial confinement followed by a ten-year

term of extended supervision.  After the circuit court denied Wagner's motion for

1

post-conviction relief in 2008, the Wisconsin Court of Appeals affirmed the conviction in an unpublished opinion on November 16, 2010. *See State v. Wagner*, 2011 WI App 1, 330 Wis. 2d 832, 794 N.W.2d 926. The Wisconsin Supreme Court denied his petition for review on April 12, 2011. *See State v. Wagner*, 2011 WI 29, 332 Wis. 2d 277, 797 N.W.2d 523.

On June 29, 2012, Wagner executed a two-page motion requesting leave to file a "protective" petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  Wagner listed six cursory grounds for relief in his motion, but included no supporting facts and no information about which of his underlying convictions he wished to challenge. (Dkt. # 1). Instead, Wagner indicated that a formal petition was "almost complete, needing only a few additions and corrections, printing and mailing." He reportedly planned to file that petition within thirty days. On July 12, 2012, Wagner followed up with a letter and a $5.00 filing fee, stating that "the actual petition" would arrive within several days. (Dkt. # 3). Although Wagner subsequently submitted a box of state court records, no petition followed.

Having still received no petition almost five months later, the court issued an order on December 7, 2012, advising Wagner that his original submission failed to comply with pleading requirements outlined in Rule 2 of the Rules Governing Section 2254 Cases in

---

1 Petitioner's original pleading is actually dated "July 29, 2012," which appears to be a typographical error. The pleading was received for filing on July 9, 2012, and post-marked July 7, 2012. Using the date most favorable to Wagner, the court will consider the original submission as filed on the date it was executed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (recognizing the "prison mailbox rule"); *Carter v. Hodge*, 726 F.3d 917, 918 (7th Cir. 2013) (explaining that the "official filing date" for any *pro se* prisoner submission is the date that it

the United States District Courts, providing that a petitioner must "state the facts supporting each ground" for relief and follow a standard form. (Dkt. # 4). Therefore, the court directed Wagner to file a proper petition within thirty days or his case would be "**dismissed without further notice under Fed. R. Civ. P. 41(b)**." (emphasis in original). To assist, the clerk's office also provided Wagner with an approved form for use by state prisoners under 28 U.S.C. § 2254. Alternatively, Wagner was told that he could use any similar form available at the prison law library.

Wagner did not comply by submitting a proper petition within the time allowed. At Wagner's request, the court nevertheless granted an extension of time, up to and including February 7, 2013, in which to comply with its December 7 order. After Wagner failed to comply or otherwise respond with this extended deadline, the case was dismissed without prejudice under Fed. R. Civ. P. 41(b) on February 15, 2013.

After his case was closed, Wagner filed a motion on February 21, 2013, requesting thirty additional days to file a formal petition. The court granted the requested extension, but advised Wagner that his case would be re-opened for consideration only if he filed a petition using an approved form no later than March 22, 2013. The court also expressly warned Wagner that his case would remain closed should he fail to file a petition as directed before the March 22 deadline. Wagner did not comply and his case remained closed.

On March 25, 2013, Wagner filed a yet another request for an extension, this time seeking 45 additional days in which to submit his now long-past-due petition. With no

_____

was tendered to prison authorities for mailing).

3

meaningful information about the status of his challenged conviction and no facts describing the substance or procedural posture of Wagner's claims, the court concluded that there was no basis to extend the deadline further.   Accordingly, Wagner's case remained closed.

On April 25, 2013, Wagner finally submitted a petition setting forth information about his underlying conviction and claims for relief.   That petition was executed by Wagner on April 9, 2013. (*See* Dkt. # 12).   On May 14, 2013, the court reinstated this case.

Wagner contends that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:   (1) he was denied his constitutional right to represent himself at trial in St. Croix County Case No. 04CF380; (2) the state failed to collect sexual assault evidence or preserve exculpatory evidence in the form of the victim's phone records; (3) the state withheld exculpatory evidence; (4) he was denied process to compel witness testimony; (5) he was denied effective assistance of counsel at trial; and (6) the state presented "false and misleading" testimony at trial.   The state court of appeals found no merit in any of these claims.   Respondent moves to dismiss, arguing that the petition is untimely and, therefore, barred by the applicable statute of limitations on federal habeas corpus review.

## OPINION

### I.   Statute of Limitations for Habeas Review

Since the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, federal habeas corpus review of a state court conviction

has been governed by a one-year limitations period found in 28 U.S.C. § 2244(d)(1).
*Lindh v. Murphy*, 521 U.S. 320 (1997).   The AEDPA's limitations on collateral review of
state court convictions are based on "principles of comity, finality, and federalism."
*Williams v. Taylor*, 529 U.S. 420, 436 (2000).   Specifically, the one-year limitations
period found in 28 U.S.C. § 2244(d)(1), which is designed to "encourag[e] prompt filings
in federal court in order to protect the federal system from being forced to hear stale
claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002).

To the extent that Wagner challenges a state court conviction originally entered in
2005, the statute of limitations for federal habeas corpus review began to run from "the
date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review."   28 U.S.C. § 2244(d)(1)(A).   Here, the
Wisconsin Court of Appeals affirmed Wagner's conviction in St. Croix County Case No.
04CF380 in an unpublished opinion on November 16, 2010, and the Wisconsin Supreme
Court denied his petition for review on April 12, 2011. *See State v. Wagner*, 2011 WI 29,
332 Wis. 2d 277, 797 N.W.2d 523.   Although Wagner did not pursue a petition for a
writ of certiorari with the United States Supreme Court, his time to do so nevertheless
expired 90 days later on July 11, 2011.   That date, therefore, triggered the one-year
statute of limitations found in 28 U.S.C. § 2244(d)(1)(A), which expired no later than
July 11, 2012.   *See Newlin v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) (holding that the
one-year time limit begins to run the day *after* the Supreme Court denies certiorari" and

expires on the "anniversary date").[2]   Executed by Woodard on April 9, 2013, and received by the court for filing on April 25, 2013, the pending federal habeas corpus petition was late by at least nine months.

### A. Wagner's Request for Leave to File a Protective Petition

Because he requested leave to file a protective petition while he still had some time left on the limitations period, Wagner maintains that his April 2013 petition should be considered timely.   Although styled as a protective petition, the request actually sought an extension of time to seek federal habeas corpus relief.

Standing alone, a conclusory request for leave to proceed, like the one filed on June 29, 2012, has been held ineffective to confer jurisdiction or toll the statute of limitations. *See United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000) (concluding that a federal court lacks jurisdiction to consider whether a proposed collateral challenge under 28 U.S.C. § 2255 is timely under the AEDPA's one-year statute of limitations, until such a motion is actually filed); *Fierro v. Cockrell*, 294 F.3d 674, 680 (5th Cir. 2003) (holding that a motion seeking authorization to file a habeas petition is not an actual petition and does not toll the statute of limitations). Moreover, there was no information in Wagner's request suggesting neither any grounds for granting an extension of time nor any assertion of facts that might support tolling the limitations period under any other theory. *See*

---

2 Because his case was dismissed, the formal petition that he submitted in April 2012 does not "relate back" to the date of his original submission.  *See Newlin*, 283 F.3d at 834 (citing *Neverson v. Bissonnette*, 261 F.3d 120, 126 (1st Cir. 2001) ("relation back" doctrine inapplicable where dismissal of initial habeas corpus petition left nothing for the new petition to relate back to); *Marsh v. Soares*, 223 F.3d 1217, 1219-20 (10th Cir. 2000) (collecting cases)).

*Rhines v. Weber*, 544 U.S. 294 (2005) (authorizing a stay and abeyance in limited circumstances); *see also Socha v. Pollard*, 621 F.3d 661, 659-70 (7th Cir. 2010) (distinguishing *Leon*).

Under these circumstances, Wagner's preliminary filing was insufficient to qualify as a pending "application for a writ of habeas corpus" as contemplated by 28 U.S.C. § 2244(d)(1). *See Woodford v. Garceau*, 538 U.S. 202, 207 (2003) (holding that a motion for a stay of execution and motion for appointment of counsel along with a statement of non-frivolous issues were insufficient to serve as a "pending" petition for purposes of the AEDPA); *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005) (discussing what an inmate must plead with particularity in the petition to comply with Rule 2, including complying with form language detailing "all the grounds for relief from the conviction or sentence that you challenge"); *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998) (holding that a petition that is returned as insufficient under Rule 2 of the Rules Governing Section 2255 Cases does not count as an initial petition).

Even assuming that Wagner's request for leave to file a protective petition had been sufficient to halt the statute of limitations, the case was also later dismissed after Wagner failed to comply with a court order to submit a proper habeas petition that comported with the Rules Governing Section 2254 Cases. As the chronology set forth above amply shows, after Wagner had already delayed his filing for months, the court issued an order on December 7, 2012, directing him to file a proper petition within thirty days or face dismissal for want of prosecution. Even after extending that deadline an additional thirty days through February 7, 2013, Wagner <u>still</u> failed to submit a timely

7

formal petition. As a result, this case was properly dismissed on February 15, 2013, for want of prosecution without prejudice pursuant to Fed. R. Civ. P. 41(b). Given his failure to comply with the court's orders, Wagner does not demonstrate that dismissal was improper. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (stating in the federal habeas context that "[the petitioner's] failure to comply with an order of the court is grounds for dismissal with prejudice"); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

When this case was dismissed and closed, the statute of limitations "lapsed," which means it is as though the initial pleading had never been filed. *See Newell*, 283 F.3d at 834 (citing *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (if a case is dismissed without prejudice, the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by the filing of that case)); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that the statute of limitations is not tolled during the pendency of a federal petition); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (citing *Rhines*, 544 U.S. at 274 ("the filing of a petition for habeas corpus in federal court does not toll the statute of limitations")). For this reason, the statute of limitations in this case expired on July 11, 2012.

## B. Wagner's Request for Additional Time

Wagner argues that the court erred by refusing to grant a third request for an extension of time in March 2013. This argument overlooks the fact that his case had already been dismissed without prejudice on February 15, 2013. More importantly,

district courts do not have unfettered discretion to extend the time to seek federal habeas corpus relief. *See Rhines*, 544 U.S. at 276 (noting that the AEDPA, and the interests of comity, finality and timeliness, "circumscribe" a district court's discretion to issue a stay in a federal habeas proceeding). Rather, district courts have only limited discretion to stay a federal habeas proceeding, such as when a petitioner has failed to exhaust his state court remedies. *See id.* at 277.

Even if the court had discretion here, a stay is only warranted where a petitioner demonstrates, at a minimum, "good cause" for his delay. *Id.* at 277-78 (noting that where a petitioner has intentionally engaged in delay, a district court should not grant a stay at all). *Id.* at 278. But for reasons outlined briefly below, Wagner also demonstrates neither good cause for his delay nor any other basis for staying or extending the limitations period here.

### C. Equitable Tolling

Wagner also appears to argue that his delay should be excused for equitable reasons. Equitable tolling is an exceptional remedy that is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Obriecht v. Foster*, 727 F.3d 744 (7th Cir. 2013) ("Equitable tolling is an extraordinary remedy and so 'is rarely granted.'"). The Supreme Court has clarified that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of proving that equitable tolling

is warranted.  *Pace*, 544 U.S. at 418; *Ray v. Clements*, 700 F.3d 993, 1007 (7th Cir. 2012).

Wagner falls far short of carrying that burden here.  As noted previously, Wagner was convicted in 2005, making that conviction final no later than July 11, 2011.  Wagner waited nearly a year, until June 29, 2012, to even execute his two-page request for authorization to file a protective petition.  Given this timing, Wagner was obviously aware that he had lone year left in which to submit a formal petition and that this window was rapidly closing.  Nevertheless, while promising to file his completed petition within 30 days, Wagner did not actually file one until April 2012.

While Wagner would blame the court for not granting his June 29 request for authorization to file his petition, and therefore causing him to hesitate, this argument is unpersuasive for three reasons.  First, the challenged conviction became final in July 2011, giving Wagner ample time to draft and file a proper habeas corpus petition before his deadline expired in July 2012.  Second, Wagner acknowledged in his request for authorization that the statute of limitations was about to expire, which means that he knew he needed to pursue relief promptly.  Third, he followed up with a letter on July 12, insisting that an "actual petition" would be submitted within days.[3]  (Dkt. # 3).

In any event, Wagner repeatedly ignored the court's subsequent, written orders setting deadlines for filing the petition itself under penalty of dismissal of the lawsuit. Only after Wagner missed these deadlines did the court finally dismiss.  Since Wagner knew he was on the brink of his limitations period and dismissal, his failure to promptly

---

3 Included along with this letter was the filing fee and two boxes of state court records, but no petition.  The letter, like the request for authorization, appears to be dated June 29, 2012,

file a petition indicates a clear lack of diligence on his part.   Under these circumstances,
equitable tolling does not apply.   *See Pace*, 544 U.S. at 419 (stating the general rule that
"lack of diligence precludes equity's operation") (citations omitted).

Offering an alternative explanation for his delay, Wagner alleges that he was
unable to file a formal petition before the deadline established in the court's December 7
order (directing him to file a formal petition within 30 days) because a "computer disk
failure" resulted in the total loss of his petition and supporting brief.   Then, on January 8,
2013, officers seized all of his legal materials. Although he was granted an extension of
time until February 7, 2013, Wagner contends his court records and other documents
were not returned to him until March 13, 2013.   Wagner was then unable to work on his
petition until March 21, 2013, due to a viral infection that affected his ability to read and
write.   Finally, Wagner claims to have only been granted access to the law library on April
9, 2013, when he completed the pending habeas petition and a motion to reinstate his
closed case.   Citing these efforts, Wagner argues that he is entitled to equitable tolling
from January 8 through April 9, 2013.

Even if tolling were available for the time requested, the challenged conviction
became final on July 11, 2011, and Wagner still offers no explanation for his lack of
diligence or his decision to wait until June 29, 2012, to request authorization to file a
protective petition in the first place.   Equitable tolling is not available where, as here, the
petitioner squanders his federal limitations period.

Wagner argues, nevertheless, that his failure to file a timely petition should be

---

but it was received for filing with the court on July 12.   (Dkt. # 3).

excused because he is actually innocent.  "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1931 (2013).  That standard for doing so is "demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  To be credible, a habeas petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324 (emphasis added).  A petitioner must then show that "it is more likely than not that," in light of the new evidence, "no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Id*. at 326-27.

   In support of his request for equitable tolling on this basis, Wagner maintains that he is innocent because the sexual assault did not happen.  Notably, this claim was rejected during a collateral review proceeding in state court in 2008, because Wagner failed to present evidence that "could not have been discovered prior to trial." Dkt. # 22, Exh. 4, *Amended Order,* State of Wisconsin v. Ronald H. Wagner, Case No. 04CF380 (May 23, 2008).  Wagner's current claim of actual innocence is unaccompanied by any evidence, much less "new" evidence, that could not have been discovered before trial. This is insufficient to demonstrate a credible claim of actual innocence for purposes of overcoming a procedural default or fitting within the equitable exception to the statute of limitations on federal habeas review.

   None of Wagner's other allegations demonstrate that he was prevented from filing

a timely petition by an exceptional circumstance.  Lack of access to legal materials does not constitute an exceptional circumstance in this case because Wagner neither alleges nor shows that he was deprived of these materials at any time before the statute of limitations expired on July 11, 2012.  As the Seventh Circuit has recognized, "[w]hen an inmate, despite roadblocks thrown in his way, has reasonable time remaining to file a habeas petition in a timely manner, the circumstances cannot, as a definitional matter, be said to have prevented timely filing, as the standard requires." *Taylor v. Michael*, 724 F.3d 806, 811-12 (7th Cir. 2013) (citing *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75-76 (2d Cir. 2001) (Sotomayor, J.) (denial of access to prison law library early in the one-year period did not prevent timely filing)), *cert. denied*, 2014 WL 102626 (Jan. 13, 2014) (No. 13-7124).  Because Wagner does not carry his burden to demonstrate that equitable tolling is available, the petition must be dismissed as untimely filed.  Accordingly, the court will grant the respondent's motion and close this case.

## II.   Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner.  To obtain a certificate of appealability, the applicant typically must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  Where denial of relief is based on procedural grounds, the petitioner must also show that "jurists of reason . . . would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,

484 (2000). Generally, this means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate is warranted, it is not necessary to do so here because the briefing was adequate to resolve the procedural issue in this case.  Because reasonable jurists would not debate whether a different result was required, no certificate of appealability will issue.


ORDER

IT IS ORDERED that:

1. Respondent Michael Dittman's motion (dkt. # 21) is GRANTED and the federal habeas corpus petition filed by state inmate Ronald Helmut Wagner (dkt. # 12) is DISMISSED with prejudice as barred by the one-year statute of limitations found at 28 U.S.C. §  2244(d)(1).

2. A certificate of appealability is DENIED.   If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 7th day of February, 2014.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge


14