IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALD HELMUT WAGNER,

                              Petitioner,

v.

MICHAEL MEISNER, Warden,
Columbia Correctional Institution,

                              Respondent.

ORDER

12-cv-487-wmc

---

On February 7, 2014, the court granted respondent's motion to dismiss the federal habeas corpus petition filed by Ronald Helmut Wagner after concluding that review was barred by the governing one-year statute of limitations. Wagner has now filed a motion for reconsideration. (Dkt. # 37). Because it was filed well after the 28-day period found in Fed. R. Civ. P. 59(e), the motion is construed as one seeking relief from the judgment under Fed. R. Civ. P. 60(b). The motion must be denied for reasons set forth briefly below.

Under Rule 60(b), a district court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Wagner does not demonstrate that any of these provisions apply. Instead, he raises the same arguments that were considered and rejected previously.

Rule 60(b) is an extraordinary remedy. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Willis v. Lepine*, 687 F.3d 826, 833 (7th Cir. 2012); *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). Relief is limited to those grounds specified in the rule — such as newly discovered evidence or fraud — or to "extraordinary circumstances" that are ordinarily not available on direct appeal. *See Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863-64 & nn. 10-11 (1988); *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). Rule 60(b) may not be used to relitigate issues resolved by the judgment. *Agostini v. Felton*, 521 U.S. 203, 257 (1997) (citation omitted). Likewise, a motion under Rule 60(b) cannot be used to raise contentions that could have been made in a timely appeal. *See Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009); *West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007); *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 558 (7th Cir. 1996).

Wagner does not show that the dismissal order was entered in error for purposes of Fed. R. Civ. P. 60(b) or that extraordinary circumstances warrant relief from the judgment. Accordingly, his motion will be denied.

ORDER

IT IS ORDERED that petitioner Ronald Helmut Wagner's motion for reconsideration (Dkt. # 37) is DENIED. No certificate of appealability will issue from this decision.

Entered this 4th day of April, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge